IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )|
| LANG HOLDINGS, INC., a Delaware Corporation, et al.,[1] | ) ) Case No. 09-12543 (KJC) ) ) Jointly Administered |
| Debtors. | ) ) Re: Docket Nos. 120, 163, 164, 165, 183, and 184 ) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, 364 and 365 AND FED. R. BANKR. P. 2002, 6004, 6006 AND 9014 (A) APPROVING BIDDING PROCEDURES; (B) APPROVING FORM OF ASSET PURCHASE AGREEMENT AND CERTAIN PAYMENTS TO PURCHASER THEREUNDER; (C) APPROVING FORM AND MANNER OF NOTICES; (D) APPROVING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (E) SCHEDULING A SALE HEARING AND ESTABLISHING DATES AND DEADLINES RELATED THERETO**

Upon consideration of the Motion[2] of the above-captioned Debtors for entry of orders pursuant to sections 105(a), 363, 364 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") substantially in the forms attached to the Motion as Exhibit A and Exhibit B, approving Bidding Procedures and the sale of substantially all of the Debtors' assets; and upon consideration of the entire record of these chapter 11 cases; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Lang Holdings, Inc. (9551); Turner Acquisition, Inc. (2115); Avalanche Publishing Acquisition, Inc. (3038); The Lang Companies, LLC (9182); Avalanche Publishing, Inc. (9793); and The Lang Store, Ltd. (2398). The mailing address of each of the Debtors is 514 Wells Street, Delafield, Wisconsin 53018.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

FOUND AND DETERMINED that:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.  This Court has jurisdiction over the Motion and the transactions contemplated by the Asset Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  The statutory bases for the relief requested in the Motion are (i) sections 105, 363, 364 and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532; (ii) Rules 2002(a)(2), 6004, 6006 and 9014 of the Bankruptcy Rules; and (iii) Rules 6004-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

D.  Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Sale Hearing. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

E.  The Debtors' proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction (as defined in the Bidding Procedures), the sale of the Acquired Assets, and the Bidding Procedures to be employed in connection therewith.

F.  The Debtors have articulated good and sufficient reasons for this Court to: (i) approve the Expense Reimbursement; (ii) set the Sale Hearing and approve the manner of notice of the Motion and the Sale Hearing; (iii) approve the procedures for the assumption and

2

assignment of Assigned Executory Contracts, including notice of proposed cure amounts; and (iv) grant certain bid protections as provided in this Order.

G. The entry of this Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

H. The Expense Reimbursement is reasonably designed to maximize the value to be achieved for the Acquired Assets.

I. The Expense Reimbursement shall be paid in accordance with the Asset Purchase Agreement, as modified by this Order, and (i) if triggered, shall be deemed an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 364(c) of the Bankruptcy Code, (ii) is of substantial benefit to the Debtors' estates, (iii) is reasonable and appropriate, including in light of the size and nature of the sale and the efforts that have been or will be expended by LHI Enterprises notwithstanding that the proposed sale is subject to higher and better offers for the Acquired Assets, (iv) was negotiated by the parties at arm's-length and in good faith, and (v) is necessary to ensure that LHI Enterprises will continue to pursue its proposed acquisition of the Acquired Assets and the Transactions contemplated by the Asset Purchase Agreement.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED, as modified herein and on the record at the hearing held on September 4, 2009 (the "Hearing").

2. Except as set forth at the Hearing, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Bidding Procedures, substantially in the form of Exhibit 1 attached hereto, are hereby approved in their entirety. Except as set forth at the Hearing, the Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.

4. The Debtors may sell the Acquired Assets and enter into the Transactions contemplated by the Asset Purchase Agreement by conducting an Auction in accordance with the Bidding Procedures.

5. The Auction shall take place on September 29, 2009 at 10:00 a.m. (prevailing Eastern Time) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, or such other place and time as the Debtors shall notify all Qualified Bidders, including LHI Enterprises, the Committee, counsel for Sun Finance and other invitees. The Auction shall be conducted openly in accordance with the Bidding Procedures. The bidding at the Auction shall be transcribed. As soon as practicable after conclusion of the Auction, the Debtors shall file a notice of the results of the Auction.

6. The Sale Hearing shall be held before this Court on September 30, 2009 at 2:30 p.m. (prevailing Eastern Time), or at such earlier date as counsel and interested parties may be heard.

7. Objections, if any, to the sale of the Acquired Assets and the Transactions contemplated by the Asset Purchase Agreement, or the relief requested in the Motion must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on September 23, 2009 (the "Sale Objection Deadline"); and (iv) be served upon the (v) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391,

Wilmington, Delaware 19899-0391, Attn: Michael R. Nestor and David R. Hurst; (w) counsel to the Official Committee of Unsecured Creditors (the "Committee"), Lowenstein Sandler PC, 65 Livingston Ave., Roseland, New Jersey 07068, Attn: Bruce Buechler and Timothy R. Wheeler; (x) counsel to Sun Finance and LHI Enterprises, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Jeremy Liss and David Agay; (y) counsel to Catterton, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Eunu Chun; (z) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801, Attn: David Buchbinder, in each case, so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day.

8. On or before three (3) business days after entry of this Bidding Procedures Order, the Debtors will cause the notice, substantially in the form attached hereto as Exhibit 2 (the "Sale Notice"), to be sent by first-class mail postage prepaid, to the following: (i) all creditors or their counsel known to the Debtors to assert a lien (including any security interest), claim, right, interest or encumbrance of record against any all or any portion of the Acquired Assets; (ii) the Office of the United States Trustee; (iii) the Environmental Protection Agency; (iv) all applicable federal, state and local taxing and regulatory authorities of the Debtors or recording offices or any other governmental authorities that, as a result of the sale of the Acquired Assets, may have claims, contingent or otherwise, in connection with the Debtors' ownership of the Acquired Assets or have any known interest in the relief requested by the Motion; (v) the state and local environmental agencies in the jurisdictions where the Debtors own or lease real property; (vi) counsel to LHI Enterprises; (vii) counsel to the prepetition and postpetition secured lenders; (viii) the United States Attorney's office; (ix) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (x) counsel to the Official

5

Committee of Unsecured Creditors; (xi) all parties to any litigation involving the Debtors; (xii) all of the Debtors' current employees and former employees, if any, who were terminated immediately prior to the commencement of these cases, (xiii) all counterparties to any executory contract or unexpired lease of the Debtors; (xiii) all other known creditors and interest holders of Debtors; and (xiv) all potential bidders previously identified or otherwise known to the Debtors.

9. In addition to the foregoing, as soon as practicable, but in any event no later than five (5) business days after the entry of the Bidding Procedures Order, the Debtors shall publish the Sale Notice (modified for publication, as necessary) in The Wall Street Journal, national edition.

10. On or before three (3) business days after the entry of the Bidding Procedures Order, the Debtors shall serve by first class mail or hand delivery a notice of potential assumption and assignment of the Scheduled Contracts (the "Cure Notice"), substantially in the form attached hereto as Exhibit 3, on all non-Debtor parties to the Scheduled Contracts; provided, however, that the Debtors shall serve the Cure Notice on Inland American Industrial Management, LLC ("Inland American") via email, facsimile, hand-delivery and/or overnight courier to (i) counsel to Inland American, Connolly Bove Lodge & Hutz LLP 1007 N. Orange Street, Wilmington, Delaware 19801, Attn: Christina M. Thompson, and (ii) Inland American Management, Asset Management Group, 2901 Butterfield Road, Oak Brook, IL 60523, Attn: Michael Broadfoot (together, the "Inland Notice Parties"). The Cure Notice shall identify the Scheduled Contract and provide the cure amount that the Debtors believe must be paid to cure all prepetition defaults under the Scheduled Contracts (the "Cure Amounts").

11. Unless the non-Debtor party to a Scheduled Contract files an objection (the "Cure Amount Objection") to its scheduled Cure Amount, the assumption and assignment to

6

LHI Enterprises of the Scheduled Contracts or the ability of LHI Enterprises to provide adequate assurance of future performance by the Sale Objection Deadline (or, with respect to Inland American, the date of the Sale Hearing) and serves a copy of the Cure Amount Objection so as to be received no later than the Sale Objection Deadline on the same day to: (i) the Debtors, Lang Holdings, Inc., 514 Wells Street, Delafield, Wisconsin 53018, Attn: Laurie Gilner; (ii) counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, Attn: Michael R. Nestor and David R. Hurst; (iii) counsel to the Official Committee of Unsecured Creditors, Lowenstein Sandler PC, 65 Livingston Ave., Roseland, New Jersey 07068, Attn: Bruce Buechler and Timothy R. Wheeler; (iv) counsel to Sun Finance and LHI Enterprises, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654, Attn: Jeremy Liss and David Agay; (v) counsel to Catterton, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Eunu Chun; and (vi) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801, Attn: David Buchbinder; such non-Debtor party should be forever barred and estopped from objecting (a) to the Cure Amount and from asserting that any additional amounts are due or defaults exist, (b) that any conditions to assumption and assignment must be satisfied under such Scheduled Contract before it can be assumed and assigned to LHI Enterprises or that any required consent to assignment has not been given or (c) that LHI Enterprises has not provided adequate assurance of future performance.

12. If LHI Enterprises is not the Successful Bidder, the non-Debtor parties to the Scheduled Contracts shall have until the Sale Hearing (the "Adequate Assurance Objection Deadline") to object to the assumption and assignment of such Scheduled Contract solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as

required by section 365 of the Bankruptcy Code; provided, however, that if LHI Enterprises is the Successful Bidder, all Adequate Assurance Objections must be filed by the Sale Objection Deadline (except with respect to Inland American, which shall be entitled to file its Adequate Assurance Objection through the date of the Sale Hearing); provided, further, however, that all objections to the assumption and assignment of Scheduled Contracts that do not relate to the issue of whether the Successful Bidder can provide adequate assurance of future performance must be filed by the Sale Objection Deadline. Inland American shall not be required to execute any confidentiality agreement as a prerequisite to receiving documentation or information concerning any Qualified Bidder's ability to perform under any unexpired lease with Inland American; provided, however, that Inland American shall hold any such documentation and information in confidence and for use solely in the determination as to whether a Qualified Bidder can offer adequate assurance of future performance in the event of an assignment to such Qualified Bidder of any executory contract or unexpired lease to which Inland American is a party. The Debtors shall provide the Inland Notice Parties, at the addresses set forth in paragraph 10 above, evidence of adequate assurance of future performance (i) for LHI Enterprises, by September 18, 2009; and (ii) for all other bidders (if any) by September 24, 2009.

13. In the event of a dispute regarding: (a) any Cure Amount; (b) the ability of the Successful Bidder (including LHI Enterprises) to provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code, if applicable, under such Scheduled Contract; or (c) any other matter pertaining to assumption, the Cure Amounts shall be paid as soon as reasonably practicable following the entry of a final order resolving the dispute and approving the assumption of such Scheduled Contract; provided, however, that the Debtors are authorized to settle any dispute regarding the amount of any Cure Amount or assignment to

8

DB02:8697055.3 068626.1001

the Successful Bidder (including LHI Enterprises) without any further notice to or action, order or approval of the Court.

14. On (i) September 29, 2009 (by 3:00 p.m. prevailing Eastern Time) and (ii) again within two (2) business days after the Closing Date, the Debtors will file a complete list of the Scheduled Contracts that will be (or were) assumed and assigned, as of the Closing Date, to LHI Enterprises or to the Successful Bidder, to the extent that the Successful Bidder is not LHI Enterprises. In addition, on both dates specified in the previous sentence, the Debtors will file a complete list of Designated Contracts.

15. The procedures with respect to the assignment and assumption or rejection of Designated Contracts are approved in all respects, as modified by this Order.

16. To the extent that LHI Enterprises requests assumption and assignment of any Designated Contract after the Closing Date, the Debtors shall serve the non-Debtor counterparty to such Designated Contract with the Assumption Notice, in substantially the form attached hereto as Exhibit 4. As soon as practicable after the Contract Retention Period, the Debtors shall file a final and complete list of all Assumed Executory Contracts.

17. The Sale Notice to be issued in connection with the proposed sale of the Acquired Assets, substantially in the form attached hereto as Exhibit 2, is approved.

18. The Cure Notice to be issued to non-Debtor counterparties to the Scheduled Contracts, substantially in the form attached hereto as Exhibit 3, is approved.

19. The Assumption Notice to be issued to non-Debtor counterparties to the Scheduled Contracts, substantially in the form attached hereto as Exhibit 4, is approved.

20. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment

before this Court on the date scheduled for such hearing or in the hearing agenda for such hearing.

21. The Debtors' obligation to pay the Expense Reimbursement, as provided by the Asset Purchase Agreement, as modified by this Order, shall survive termination of the Asset Purchase Agreement and, until paid in accordance with the Asset Purchase Agreement, shall constitute a superpriority administrative expense claim in favor of LHI Enterprises having superpriority, under section 364(c) of the Bankruptcy Code, over any and all administrative expenses of the kind specified in sections 503(b) and 507(c) of the Bankruptcy Code, junior only to the claims of the lenders under the DIP Credit Agreement. The Debtors shall be authorized to pay the Expense Reimbursement to LHI Enterprises in accordance with the terms of the Asset Purchase Agreement, as modified by this Order, without further order of the Court. The Expense Reimbursement shall be an amount equal to the reasonable, documented costs and out-of-pocket expenses incurred by Purchaser in connection with its legal, environmental, accounting and business due diligence and the preparation and negotiation of the Asset Purchase Agreement, up to a maximum of $750,000. Purchaser shall supply to the Committee and the U.S. Trustee invoices and other evidence of such costs and expenses in reasonable detail, and provide a ten-day review period with respect to such invoices and other evidence prior to the payment of the Expense Reimbursement.

22. Except for LHI Enterprises, no other party submitting an offer or Bid for the Acquired Assets or a Qualifying Bid shall be entitled to any expense reimbursement, breakup, termination or similar fee or payment.

23. Except as otherwise provided in the Asset Purchase Agreement or this Bidding Procedures Order, the Debtors further reserve the right as they may reasonably

determine to be in the best interests of their estates, in consultation with the Committee, to: (i) determine which bidders are Qualified Bidders; (ii) determine which Bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (iv) reject any Bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code or (c) contrary to the best interests of the Debtors and their estates; (v) remove some or all of the Acquired Assets from the Auction; (vi) waive terms and conditions set forth herein with respect to all potential bidders; (vii) impose additional terms and conditions with respect to all potential bidders; (viii) extend the deadlines set forth herein; (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (x) modify the Bidding Procedures as they may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice.

24. Only Sun Finance and Catterton (collectively or individually), as applicable, are entitled to credit bid some or all of their secured claims for their collateral pursuant to section 363(k) of the Bankruptcy Code, subject to the Committee's reservation.

25. LHI Enterprises has standing to contest the Bids of any Qualified Bidders, including with respect to the Debtors' determination of Bid Assessment Criteria.

26. To the extent that any chapter 11 plan confirmed in these cases or any order confirming any such plan or any other order in these cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with or derogates from the provisions of this Order, the provisions of this Order shall control. The Debtors' obligations under this Order, the provision of the Order and the portions of the Asset Purchase Agreement pertaining to the Bidding Procedures shall survive

confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Debtors, and the reorganized or reconstituted debtors, as the case may, after the effective date of a confirmed plan or plans in the Debtors' cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code).

27. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Bidding Procedures Order shall be effective immediately upon its entry.

28. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

29. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

30. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

31. Any bidder, including the stalking horse bidder, must agree to maintain in place identical privacy policies as they existed on the Petition Date. Any proposed changes to such privacy policies may only be made on terms and conditions consistent with the privacy policies in effect on the Petition Date.

32. The Debtors shall provide to the Committee the schedules and exhibits to the Asset Purchase Agreement on or before September 15, 2009, and shall concurrently post such documents on the Duff & Phelps online data room.

33. The Motion, to the extent it seeks approval of the Breakup Fee (as reduced by $250,000), is adjourned to September 30, 2009, at 2:30 p.m. (prevailing Eastern Time), as such hearing may be rescheduled.

Dated: Wilmington, Delaware
September 4, 2009

_____
Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

DB02:8697055.3    068626.1001